IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

JOSHUA JOHNS,                )
                                   )
        Plaintiff,         )    TC-MD 120045N
                                   )
      v.                 )
                                   )
DEPARTMENT OF REVENUE,  )
State of Oregon,              )
                                 )
        Defendant.     )    **DECISION OF DISMISSAL**

This matter is before the court on Defendant's Motion to Dismiss (Motion) filed February 17, 2012, requesting that Plaintiff's Complaint be dismissed because it "was not filed within 90 days of the issuance of [Defendant's] Notice of Deficiency Assessment * * *." (Def's Mot at 2.) Defendant argues that, under ORS 305.280, Plaintiff has 90 days from the date of Defendant's Notice of Deficiency Assessment to appeal to this court, "unless Plaintiff first pays the account in full in accordance with ORS 305.280(3)." (*Id.* at 1.) Defendant noted that "Plaintiff's other option is to request relief under the doubtful liability statute ORS 305.295. A request under [that] statute must be sent to the Department of Revenue." (*Id.* at 2.)

Plaintiff appeals from Defendant's Notice of Deficiency Assessment (notice) for the 2010 tax year, which is dated September 21, 2011. (Ptf's Am Compl at 7.) Plaintiff's Complaint was postmarked January 25, 2012. A case management conference was held on March 8, 2012. Plaintiff appeared on his own behalf and Sandi Lyon, Tax Auditor, appeared on behalf of Defendant. During the March 8, 2012, conference, the parties discussed Defendant's Motion. Plaintiff stated that he works "off-shore" on a boat and is away from home for long periods of time due to his work. He stated that, as a result, he did not receive Defendant's notice until well after it was mailed to him and, as a result, did not have sufficient time to appeal within 90 days

DECISION OF DISMISSAL TC-MD 120045N          1

of the notice date. Plaintiff declined the opportunity to submit additional written arguments and the parties discussed Plaintiff's other options to appeal, including paying the deficiency in full and appealing within two years and seeking relief from Defendant under the "doubtful liability" statute, ORS 305.295.

> "*An appeal* under ORS 323.416 or 323.623 or *from any notice of assessment* or refund denial issued by the Department of Revenue with respect to a tax imposed under ORS chapter 118, 308, 308A, 310, 314, 316, 317, 318, 321 or this chapter, or collected pursuant to ORS 305.620, *shall be filed within 90 days after the date of the notice.* An appeal from a proposed adjustment under ORS 305.270 shall be filed within 90 days after the date the notice of adjustment is final."

ORS 305.280(2) (emphasis added).[1] However, as noted by Defendant, "an appeal from a notice of assessment of taxes imposed under ORS chapter 314, 316, 317 or 318 may be filed within two years after the date the amount of tax, as shown on the notice and including appropriate penalties and interest, is paid." ORS 305.280(3). Plaintiff has not paid the deficiency and admits that the appeal was not timely filed within the 90 days allowed under ORS 305.280(2).

"Mailing of notice to the person at the person's last-known address shall constitute the giving of notice as prescribed in this section." ORS 305.265(11). Plaintiff argues that he could not timely appeal because he did not receive Defendant's notice until well-after the notice date due to his work obligations.[2] Plaintiff does not contend that Defendant failed to mail the notice to his "last-known address." Under the applicable statutes, Defendant gave notice to Plaintiff as required by ORS 305.265(11) on September 21, 2011, when the notice was mailed to Plaintiff at his last known address. It is unfortunate that, due to work obligations, Plaintiff may not have received Defendant's notice within 90 days of the notice. However, Defendant provided notice to Plaintiff as required by ORS 305.265(11) and Plaintiff did not timely file his Complaint within

---

[1] All references to the Oregon Revised Statutes (ORS) are to 2009.

[2] Plaintiff did not state the date upon which he received Defendant's notice, but he speculated that it may have been after the 90-day time period had passed.

90 days of the notice date as required by ORS 305.280(2).  The court has no authority to extend

the 90-day deadline and Defendant's motion must, therefore, be granted.  Now, therefore,

IT IS THE DECISION OF THIS COURT that this matter be dismissed.

Dated this ____ day of March 2012.


_____
ALLISON R. BOOMER
MAGISTRATE PRO TEMPORE


*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This document was signed by Magistrate Pro Tempore Allison R. Boomer on March 20, 2012.  The Court filed and entered this document on March 20, 2012.*